IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

SOUTHERN DIVISION

| | |
|---|---|
| LEE LEWIS and JANICE HOSLER on behalf of themselves and all other similarly situated individuals, | |
| Plaintiffs, | Docket No. |
| v. | |
| SMITHFIELD FOODS, INC. and SMITHFIELD PACKING COMPANY, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs, by and through their undersigned counsel, on behalf of themselves and other similarly situated individuals either currently or formerly employed by Defendants Smithfield Foods, Inc. and/or Smithfield Packing Company, Inc. (hereafter collectively referred to as ASmithfield@), at their pork slaughter and processing facility in Tar Heel, North Carolina, for their Collective Action Complaint against Smithfield alleges, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

PDF created with pdfFactory trial version www.pdffactory.com

**I.    INTRODUCTION**

1.    The named Plaintiffs bring a Collective Action against Smithfield under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. ' 201, *et seq.*, on behalf of themselves and all other similarly situated current and former production and support employees of Smithfield=s pork slaughter and processing facility in Tar Heel, North Carolina, for unpaid wages and unpaid overtime wages, liquidated damages, costs and attorneys= fees.

2.    At all times relevant hereto, Plaintiffs have worked at Smithfield=s pork slaughter and processing facility located in Tar Heel, North Carolina.

3.    During the relevant time period in this case, Smithfield has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law.  The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, walking after the continuous work days first primary activity, time spent obtaining and sanitizing sanitary and safety equipment and clothing, obtaining tools, equipment and supplies necessary for the performance of their work, time spent sharpening and knives, and all other activities in connection with the slaughter and processing of pigs.  These unpaid work activities took place before and after paid time, and during both paid breaks and unpaid lunch breaks.

4.    At all times relevant hereto, upon information and belief, Defendant Smithfield, for a brief period of time during the three years proceeding this complaint did pay certain mesh wearing employees at their Tar Heel, North Carolina pork slaughter and processing facility a few minutes per day for a fraction of the time spent donning, doffing,  walking, and time spent sanitizing per day, but said amount of time did not cover all time spent by any

PDF created with pdfFactory trial version www.pdffactory.com

employees, let alone mesh wearing employees, which, upon information and belief, is at least thirty (30) minutes or more per day performing uncompensated work activities as described in this Complaint.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs= federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b), and because they raise a federal question pursuant to 28 U.S.C. ' 1331.

6. Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Smithfield resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III. PARTIES

7. Named Plaintiffs Lee Lewis and Janice Hosler are residents of Robeson County, North Carolina. Moreover, the named Plaintiffs assert federal claims under the Fair Labor Standards Act as a collective action pursuant to 29 U.S.C. ' 216(b), on behalf of themselves and all other similarly situated current and former employees who work or worked at Smithfield=s pork slaughter and processing facility located in Tar Heel, North Carolina.

8. Both named Smithfield defendants are Virginia corporations with their principal places of business in Smithfield Virginia. The Smithfield defendants operate and have operated numerous pork processing facilities throughout the United States including a facility in Tar Heel, North Carolina. The Smithfield defendants are corporations engaged

PDF created with pdfFactory trial version www.pdffactory.com

in interstate commerce and in the production of goods for commerce throughout the United States. The Smithfield defendants can be served with original service of process at 501 North Church Street, Smithfield, VA 23431-0447.

## IV.     COLLECTIVE ACTION ALLEGATIONS

9.    Defendant Smithfield owns and operates a pork slaughter and processing facility in Tar Heel, North Carolina. The complained of unlawful compensation system at issue in this Complaint has affected Defendant Smithfield=s current and former kill floor and processing line employees at Smithfield=s Tar Heel, North Carolina facility. At all times relevant to this Complaint, Defendant Smithfield has utilized the same compensation system complained about herein.

10.    Under Defendant Smithfield=s wage compensation system, Plaintiffs and others similarly situated who are kill floor and processing line employees are paid only during the time that they are present on the actual production assembly line under a system known as Agang time@ or Aline time.@ Defendant Smithfield, as a matter of policy and practice, did not and does not pay their employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing clothing and protective equipment, cleaning and sanitizing that equipment, walking to and from their lockers and/or production areas after the hourly employees have commenced donning of protective gear, and at the end of the work day, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance equipment known as Asteels@ or Amousetraps@, and waiting in line to receive required knives, supplies, tools and equipment needed for production line activities.

PDF created with pdfFactory trial version www.pdffactory.com

11. Defendant Smithfield also requires their employees to be present, but does not compensate their hourly employees for processing meat products remaining at their station after the time clock has stopped for the day, Smithfield also requires their hourly employees to be present at their respective stations before a pig or piece of pork has reached their respective locations on the kill and processing lines, both before the start of a shift and after lunch, but does not pay their hourly employees until the first pig, or piece of pork reaches their respective work stations.

12. Pursuant to federal regulations and Defendant Smithfield=s own internal policies and procedures, Plaintiffs and Class members are required to wear uniforms and special personal protective equipment (APPE@) for protection and sanitary reasons. Uniforms include shirts, pants and boots. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, mesh sleeves, sheaths, gloves, mesh gloves, aprons, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye protection, plastic wrap, and other protective equipment and coverings.

13. Most of Defendant Smithfield=s employees used knives and other sharp instruments in the course of their work and the PPE was designed to protect them from injury from both knives and swine borne biohazards, such as, *inter alia*, blood and excrement which are hazards present in the slaughter and production of pork and pork products. The PPE and other required gear are also designed to protect Smithfields= pork and pork products from contamination by human biohazards contained in, *inter alia*, blood, feces, saliva, and hair.

14. As a consequence of the compensation system utilized by Defendant Smithfield, Plaintiffs and Class members were/are not fully paid for, *inter alia*, the time it takes to don uniforms, obtain gear, maintain gear, walk from the supply rooms to their lockers and/or

PDF created with pdfFactory trial version www.pdffactory.com

from their lockers to sanitation stations and then to production areas, and sanitize the required PPE, don PPE.

15. At the beginning of each work day, Plaintiffs and other workers similarly situated are required to report to their lockers to don their uniforms. Production employees are required to obtain their PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE <u>before</u> paid time begins.

16. Pursuant to Defendant Smithfield=s compensation system, employees were not fully compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

17. During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and other similarly situated workers have to remove their PPE, clean their PPE, and then re-don it at the end of breaks. These employees are not paid or are not fully paid for performing these work activities.

18. After the end of paid time, hourly employees are required to finish their work on production and other activities, walk to wash stations, wait in line to wash the PPE, knives and other gear, wash their PPE, knives and gear, walk to their lockers, doff their uniforms and PPE and stow the uniforms, PPE, knives and other gear in their lockers.

19. According to Defendant Smithfield=s compensation system, Plaintiffs and Class Members are not paid during the time after Agang time@ (when compensation stops) although they continued to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear (as well as their own bodies), walk to lockers, doff uniforms and stow gear and uniforms.

PDF created with pdfFactory trial version www.pdffactory.com

20. As a result of Defendant Smithfield's compensation system, and other practices and policies followed by Smithfield, Plaintiffs and other similarly situated workers are not paid for all of the time that they worked and they have not been paid for all of the time they have worked at all time relevant hereto.

21. Plaintiffs and all similarly situated individuals who worked at Defendant Smithfield's pork slaughter and processing facilities in Tar Heel, North Carolina are deprived of their lawful wages under federal law in the same manner.

22. Defendant Smithfield's failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendant Smithfield knew or should have known that their conduct was unlawful and/or showed reckless disregard for the matter of whether their above-described conduct was prohibited by law.

23. Defendant Smithfield did not have written authorization from any Plaintiff worker to withhold, divert or deduct any portion of Plaintiffs' and other workers' wages that are at issue in this Complaint.

24. Despite their knowledge that time spent by Plaintiffs and Class members, as described above, was and is compensable time under both state and federal law, Defendant Smithfield has refused and refuses to fully compensate workers at the Tar Heel, North Carolina facility for any of this time.

**V.  CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. ' 201 *et seq.***
**All Plaintiffs v. Smithfield Defendants**

PDF created with pdfFactory trial version www.pdffactory.com

25. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

26. The FLSA requires that covered employees be payed for all time worked in a work week. *See* 29 U.S.C. ' 206(b).

27. The FLSA requires that covered employees receive overtime compensation not less than one half times the employees= regular rate of pay for all hours worked over 40 hours in a work week. *See* 29 U.S.C. ' 207(a)(1).

28. Plaintiffs and the class are covered employees entitled to the FLSA=s protections.

29. Plaintiffs and the class are not exempt from receiving FLSA overtime benefits because *inter alia* they are not executive, administrative, or professional employees as those terms are defined under the FLSA. *See* 29 C.F.R. ' ' 541.0, *et seq.*

30. Smithfield is a covered employer required to comply with the FLSA=s mandates.

31. Smithfield has violated the FLSA with respect to the Plaintiffs and the class by, *inter alia*, failing to compensate Plaintiffs and the class for all hours worked and, with respect to such hours, failing to pay Plaintiff and the class the legally mandated overtime premium for such work.

32. Pursuant to the FLSA 29 U.S.C. ' 216(b), employers, such as Smithfield, which fail to pay employees their minimum hourly rate for all compensable work and the required amount of overtime at a statutory rate, must reimburse the employees for not only the unpaid wages and overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid wages and overtime wages.

PRAYER FOR RELIEF

PDF created with pdfFactory trial version www.pdffactory.com

WHEREFORE, Plaintiffs, on behalf of themselves, and all other similarly situated employees, pray for the following relief against Defendant:

1. That this action may proceed as a representative class action pursuant to 29 U.S.C. ' 216(b);

2. Prompt notice, pursuant to 29 U.S.C. ' 216(b) of this litigation to all potential class members;

3. That Smithfield pay compensatory and back pay damages to the fullest extent permitted under Federal Law;

4. Liquidated damages to the fullest extent permitted under Federal Law;

5. Litigation costs, expenses and attorneys= fees to the fullest extent permitted under Federal law;

6. Issue an order, pursuant to the Declaratory Judgment Act 28 U.S.C. '' 2201-2202, declaring that Defendant=s actions, as described in this First Amended Complaint, are unlawful, and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA.

7. Provide Plaintiffs with such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

Respectfully submitted,

/s/ Greg Jones
GREGORY L. JONES
North Carolina Bar #: 13001
Greg Jones & Associates
3015 Market Street
Wilmington, NC 28403
Phone: (910) 332-3023
Facsimile: (910) 251-1520

PDF created with pdfFactory trial version www.pdffactory.com

PHILIP A. DOWNEY
Pennsylvania Bar # 81603
P.O. Box 736
Unionville, PA 19375
Phone: (610) 324-2848
Facsimile: (610) 347-2507

BRIAN P. MCCAFFERTY
Pennsylvania Bar # 66257
ERIC L. YOUNG
Pennsylvania Bar # 84109
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile: (610) 940-0284
**Attorneys for Plaintiffs**

DATED: October 4, 2007

PDF created with pdfFactory trial version www.pdffactory.com