IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CV-166-H
ALL CASES

LEE LEWIS and JANICE HOSLER, et al., )
      Plaintiffs, )
)
v. ) **MEMORANDUM AND**
) **RECOMMENDATION**
)
SMITHFIELD PACKING COMPANY, INC., )
)
      Defendant. )

This case comes before the court on the motion (D.E. 343) of defendant Smithfield Packing Company, Inc. ("defendant") for partial summary judgment dismissing all claims asserted by plaintiffs Lee Lewis, et al. ("plaintiffs") outside of the two-year statute of limitations. The motion is supported by a memorandum (D.E. 344), deposition excerpts (D.E. 344-1 through 344-4), and copies of legal authorities (D.E. 344-5 through 344-12). Plaintiffs have filed a memorandum in opposition to defendant's motion (D.E. 374), which is also supported by a deposition excerpt (D.E. 374-1). Defendant filed a reply (D.E. 387) supported by copies of additional legal authorities (D.E. 387-1 and -2). For the reasons that follow, the motion should be allowed.

## BACKGROUND

In this action, plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., arising from their employment with defendant at its Tar Heel, North Carolina meat processing facility. Specifically, in their third amended complaint, plaintiffs allege that defendant failed to compensate them for time spent engaged in donning and doffing protective equipment, walking, and related activities. (Third Am. Compl. (D.E. 174) ¶ 12). Plaintiffs assert their FLSA claims as a collective action, pursuant to the provisions of that statute, 29 U.S.C. §

216(b). (*Id.* ¶ 2). Plaintiffs seek unpaid back wages, unpaid benefits, liquidated damages, attorneys' fees, and other relief. (*Id.* ¶ 20). Defendant generally denies plaintiffs' substantive allegations. (*See* Def.'s Ans. (D.E. 189)).

The material facts underlying the instant motion are undisputed. (Def.'s Mem. 2-4; Pls.' Mem. 3). Until November 2006, employees at the Tar Heel plant were paid an additional three minutes a day for donning and doffing activities. (Def.'s Mem. 2 ¶ 5). After November 2006, however, defendant began paying all employees on the production line who used knives and wore the requisite protective equipment for knife use an additional seven minutes a day for donning and doffing activities, for a total of ten minutes a day. (*Id.* 3 ¶ 6).

Defendant based its decision to increase pay by seven additional minutes by evaluating the time it took for its knife-wielding employees to perform donning and doffing activities. (*Id.* ¶ 7). Defendant's decision was "an attempt to comply with changing interpretations of the FLSA." (*Id.* ¶ 8). In addition, defendant made retroactive, lump-sum payments to knife-wielding employees for the additional seven minutes for each day they worked between November 2003 and November 2006. (*Id.* ¶¶ 9-10). In the spring of 2007, defendant realized that in some instances, the seven additional minutes per day resulted in overtime and made another round of back payments in April 2007 to account for overtime. (*Id.* 4 ¶ 13). In total, defendant made back payments of approximately $912,000.00, which included payments to all current knife-wielding employees as well as to any former employees who contacted defendant and requested payment. (*Id.* ¶ 14).

2

## DISCUSSION

### I. STANDARD OF REVIEW

It is well established that a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the non-moving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The non-moving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### II. STATUE OF LIMITATIONS FOR FLSA CLAIMS

There are two limitations periods for plaintiffs proceeding under the FLSA: a two-year statute of limitations for ordinary violations and a three-year limitations period for violations that

3

are deemed willful. 29 U.S.C. § 255(a). A claim is deemed to commence upon the date the plaintiff files his consent to opt in to the lawsuit. 29 U.S.C. § 256(b).

In order to take advantage of the longer three-year limitations period, a plaintiff must establish that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute. *McLaughlin v. Richland Shoes Co.*, 486 U.S. 128, 134 (1988); *Desmond v. PNGI Charles Town Gaming, LLC*, 661 F. Supp. 2d 573, 587 (N.D. W. Va. 2009) ("'The standard for determining willfulness is whether the employer either knew, or showed reckless disregard, as to whether his conduct violated the [FLSA].'") (quoting *Martin v. Deiriggi*, 985 F.2d 129, 135 (4th Cir. 1993)). A recent District of Maryland decision held that "acts and policies that amount to reckless disregard for clear legal principles" support a finding of willfulness whereas "acts and policies intended to avoid liability in the face of changing legal standards" do not. *Perez v. Mountaire Farms, Inc.*, 610 F. Supp. 2d 499, 526 (D. Md. 2009); *Bosse v. Baltimore Cty.*, 692 F. Supp. 2d 574, 583 (D. Md. 2010) ("The violation must involve 'more than mere negligence.'") (quoting *Ijames v. Autumn Corp*, No. 1:08CV777, 2009 WL 2171252, at *13 (M.D.N.C. 20 July 2009)). A plaintiff bears the burden of proof on the issue of whether a defendant's conduct was willful. *Id.* at 135; *Williams v. Maryland Office Relocators*, 485 F. Supp. 2d 616, 621 (D. Md. 2007).

While in some cases, the issue of whether a defendant acted willfully is a factual question to be resolved by a jury or judge during trial, *Hoffman v. First Student, Inc.*, No. AMD 06-1882, 2009 WL 1783536, at *7 (D. Md. 23 June 2009), where a plaintiff has produced no evidence that defendant knew that it was violating the FLSA, or ignored or failed to investigate the plaintiff's claims, summary judgment on this issue may be appropriate. *See, e.g., Ikossi-Anastasiou v. Bd. of*

4

*Supervisors of Louisiana St. Univ.*, 579 F.3d 546, 553 (5th Cir. 2009); *Frisby v. Keith D. Weiner & Assocs., LPA*, No. 1:09-CV-2027, 2010 WL 1630107, at *8 (N.D. Ohio 21 Apr. 2010) (allowing defendants' motion for summary judgment on issue of willfulness for statute of limitations purposes); *Adeva v. Intertek USA, Inc.*, No. 09-1096, 2010 WL 97991, at *4 (D.N.J. 11 Jan. 2010) (allowing defendants' motion for summary judgment on issue of willfulness where defendants relied on advice of counsel for their conduct); *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 715 (E.D.N.C. 2009) (allowing defendants' motion for summary judgment and applying two-year statute of limitations to plaintiffs' FLSA claims).

## III. EVIDENCE OF DEFENDANT'S WILLFULNESS

Plaintiffs rely on two facts to support their argument that defendant's conduct was willful. First, they argue that the decision to pay backpay to only current employees, but require former employees to contact the company if they wished to receive payment, is evidence of willfulness. Second, they argue that defendant's decision to make back payments for a period of three years, rather than two years, demonstrates a concession on defendant's part as to the appropriate limitations period.

Here, despite plaintiffs' speculative arguments, there is simply no evidence before the court to support a finding that defendant knew, or acted with reckless disregard as to, whether it was in compliance with the FLSA. To the contrary, the evidence of record suggests that defendant was making efforts to comply with the FLSA. Indeed, plaintiffs concede that defendant's decision was "an attempt to comply with changing interpretations of the FLSA." (Pls.' Mem. 3).

The fact that former employees were required to contact defendant to obtain their back payments does not establish evidence that defendant intended to withhold payment to such

individuals or to otherwise avoid its obligations under the FLSA. Nor does the deposition testimony cited by plaintiffs support this conclusion. Similarly, the fact that defendant paid out back payments for a three-year period rather than a two-year period does not constitute evidence of willfulness, and plaintiffs have cited no authority for this contention.

The court concludes that plaintiffs have failed to come forward with evidence demonstrating a genuine issue of material fact as to whether defendant's violation was willful in nature. Instead, the record before the court shows as a matter of law that it was not. The two-year limitations period therefore applies and defendant's motion seeking dismissal of all claims outside that period should be allowed.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that defendant's motion for partial summary judgment be ALLOWED and all claims outside of the two-year statute of limitations be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days, or such other period as the court specifies, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this 17 day of August, 2010.

James E. Gates
United States Magistrate Judge