IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:07-CV-166-H

JANICE HOSLER on behalf of
herself and all other similarly
situated individuals,

    Plaintiffs,

v.                                     **ORDER**

SMITHFIELD PACKING COMPANY, INC.,

    Defendant.

This Fair Labor Standards Act ("FLSA") case is before the court on defendant's motion for partial summary judgment on all claims asserted by plaintiffs that were not filed within two years [DE #343]. United States Magistrate Judge James E. Gates filed a Memorandum and Recommendation ("M&R") on August 18, 2010, recommending that defendant's motion be granted. (Mem. & Recommendation [DE #416].) Judge Gates determined that the FLSA's two-year statute of limitations applies to plaintiffs' claims because plaintiffs have failed to present any evidence that defendant willfully violated the FLSA.

Plaintiffs object to the M&R, arguing (1) that defendant's willfulness is an issue of fact for determination by the jury; and (2) that retroactive wage payments made by defendant establish that defendant willfully violated the FLSA. (Pls.' Objection to Mem. & Recommendation [DE #427].)

A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved. Whether an employer willfully violated the FLSA so as to invoke the three-year statute of limitations is ordinarily a factual question to be resolved by the jury. However, the plaintiffs in this case have failed to produce any evidence from which a jury could reasonably determine that defendant knew at the time it paid plaintiffs that it was violating the FLSA or that it acted with reckless disregard to its obligations under the FLSA. The fact that defendant subsequently made retroactive wage payments to current, but not former, employees in an effort to avoid future litigation over past wage payments does not evidence willfulness on defendant's part. Nor is willfulness evidenced by defendant's decision to make retroactive payments for a period of three years as opposed to two.

Accordingly, the court ADOPTS the recommendation of the magistrate judge as its own. Defendant's motion for partial

summary judgment [DE #343] is GRANTED and all claims outside of the two-year statute of limitations are hereby DISMISSED.

This 24th day of September 2010.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31