IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:07-CV-166-H

JANICE HOSLER on behalf of )
herself and all other similarly )
situated individuals, )
)
)
    Plaintiffs, )
)
)
)
)         ORDER
    v. )
)
)
)
SMITHFIELD PACKING COMPANY, INC., )
)
    Defendant. )

    This Fair Labor Standards Act ("FLSA") case is before the court on the following motions:

    1.   Plaintiffs' motion for partial summary judgment [DE #349];

    2.   Defendant's motion for partial summary judgment on plaintiffs' FLSA claims for time spent donning and doffing non-unique items of protective equipment[1] and related activities [DE #358]; and

    3.   Defendant's motion for partial summary judgment as to the plaintiff knife-workers' FLSA claims for time related to the

---

[1] The non-unique protective equipment is worn by all employees in the production area and includes bump caps (a lightweight hard hat), smocks, ear plugs or ear muffs, hair nets, gloves and plastic sleeves.

donning, doffing and washing of unique, cut-protective items[2] [DE #356].[3]

On August 31, 2010, United States Magistrate Judge James E. Gates filed a Memorandum and Recommendation ("M&R") recommending that each of the motions be granted in part and denied in part [DE #426].

Defendant objects to the M&R insofar as it recommends denial of a portion of defendant's two partial summary judgment motions. Defendant argues (1) that there are no questions of fact precluding summary judgment, and that the time spent by plaintiffs donning and doffing non-unique items is not compensable as a matter of law (Df.'s Objection at 9); (2) that the task of discarding non-unique items is neither integral nor indispensable to plaintiffs' principal duties and cannot independently mark the end of the continuous work day;

---

[2] In addition to the non-unique items listed above, knife-workers also wear equipment to protect them from cuts, including arm guards, belly guards, scabbards, and cut-resistant gloves. They also carry a knife steel, which is used to keep a sharp edge on the knives.

[3] Specifically, defendant seeks dismissal of the knife-workers' pre- and post-shift and pre- and post-break claims for (1) time spent obtaining unique items, carrying the unique items and walking to the their work stations before donning the unique items; and (2) time spent carrying unique items, walking, and discarding the unique items after they have been doffed or, if applicable, washed. Defendant also asks the court to enter judgment in its favor on any claim by plaintiffs that defendant must measure each individual employee's time spent on compensable pre- and post-production activities, as opposed to compensating them for a specified fixed amount using a uniform, reasonable amount of time.

therefore, the time spent discarding non-unique items and any associated walking or waiting time is excluded from compensation under § 4(a)(2) of the Portal-to-Portal Act (Df.'s Objection at 19); (3) the M&R "improperly failed to hold if an employee obtains the unique gear prior to the donning of any gear or discards the unique gear after doffing, then time spent obtaining, carrying, discarding, and associated with it is, in isolation, noncompensable as a matter of law" (Df.'s Objection at 21); and (4) the M&R "erroneously failed to hold that any . . . pre-donning and post-doffing washing is noncompensable as a matter of law because it occurs before the first or after the last principal activity of the day" (Df.'s Objection at 21).

Plaintiffs have not filed any objections to the M&R. They have therefore waived their right to de novo review of any issue covered in the M&R. See Fed. R. Civ. P. 72(b); Local Civil Rule 72.4(b)(1), EDNC.

Under the FLSA, an employee is to be compensated for all time worked on a particular workday, from commencement of the first principal activity until the completion of the last principal activity ("the continuous workday" rule). Walking to and from the employee's workstation and similar functions performed before or after regular shift hours are generally not compensable. 29 U.S.C. § 254(a)(1), (2). However, such activities may be compensable if they are integral and

3

indispensable to the employee's principal activities, Steiner v. Mitchell, 350 U.S. 247, 256 (1956), or if they are preceded by the performance of a principal activity (or an activity that is integral and indispensable to a principal activity), IBP, Inc. v. Alvarez, 546 U.S. 21, 36 (2005) ("[A]ny activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity' . . . [and any activity performed] after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is . . . covered by the FLSA."). Thus, it has been held that time spent donning and doffing protective gear or showering before or after the regular work shift is compensable if it is integral and indispensable to the employee's work and not de minimis. Steiner, 350 U.S. at 256. The same is true for time spent walking from the changing area where such protective gear is donned to another area within the workplace. Alvarez, 546 U.S. at 33-34 (locker room where special safety gear is donned is "relevant 'place of performance' of the [first] principal activity" and thus triggers start of the workday).

A review of the record in this case reveals that there are genuine issues of material fact as to whether the donning and doffing of non-unique items are integral and indispensable to plaintiffs' work or are merely preliminary and postliminary activities. Therefore, Judge Gates correctly determined that

4

summary judgment is not appropriate as to this claim. Defendant's first objection to the M&R is, therefore, overruled.

Defendant's remaining objections are also without merit. Judge Gates determined that plaintiffs' acts of obtaining and discarding non-unique items; obtaining unique items, carrying them, and discarding the items; and walking, waiting, and washing (whether before or after the employees' shifts or before or after breaks) are each preliminary or postliminary in nature. Although ordinarily excluded from the FLSA, preliminary and postliminary activities may, nevertheless, be compensable under the FLSA if they fall within the continuous workday. Because of the disputed factual issues that exist in this case, Judge Gates determined that the compensability of these activities could not be determined as a matter of law.

A full and careful review of the M&R and other documents of record convinces the court that Judge Gates' recommendation is, in all respects, in accordance with the law and should be approved. Accordingly, the court ADOPTS the recommendation of the magistrate judge as its own. The court hereby orders as follows:

1. Plaintiffs' motion for partial summary judgment [DE #349] is GRANTED as to defendant's Third Defense (good faith under 29 U.S.C. § 259). In all other respects, plaintiffs' motion is DENIED.

2. Defendant's motion for partial summary judgment [DE #358] is GRANTED as to plaintiffs' claim for time spent obtaining non-unique equipment and such claim is DISMISSED with prejudice. In all other respects, defendant's motion is DENIED.

3. Defendant's motion for partial summary judgment [DE #356] is GRANTED as to plaintiffs' claim that defendant be required to measure each individual employee's time spent on compensable pre- and post- production activities, and such claim is DISMISSED with prejudice. In all other respects, defendant's motion is DENIED.

This 24TH day of September 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31